| Matter of Fagan |
|---|
| 2008 NY Slip Op 09734 |
| Decided on December 11, 2008 |
| Appellate Division, First Department |
| Per Curiam |
| Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431. |
| This opinion is uncorrected and subject to revision before publication in the Official Reports. |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JAN 07 2009 ★
BROOKLYN OFFICE

MISC 09   008

COGAN, J.

09-00008

Decided on December 11, 2008
SUPREME COURT, APPELLATE DIVISION
First Judicial Department
Angela M. Mazzarelli, Justice Presiding,
Richard T. Andrias
John W. Sweeny, Jr.
James M. McGuire
Dianne T. Renwick, Justices.

M2732 M3148 M3193

[*1]In the Matter of Edward D. Fagan, (admitted as Edward Davis Fagan), an attorney and counselor-at-law: Departmental Disciplinary Committee for the First Judicial Department, Petitioner, Edward D. Fagan, Respondent.

x

Disciplinary proceedings instituted by the Departmental Disciplinary Committee for the First Judicial Department. Respondent, Edward D. Fagan, was admitted to the Bar of the State of New York at a Term of the Appellate Division of the Supreme Court for the Third Judicial Department on February 23, 1988.

Alan W. Friedberg, Chief Counsel, Departmental
Disciplinary Committee, New York
(Mady J. Edelstein, of counsel), for petitioner.

Respondent pro se.
M-2732 (July 14, 2008) [*2]
M-3148 (August 11, 2008)
M-3193 (July 14, 2008)
IN THE MATTER OF EDWARD D. FAGAN, AN ATTORNEY

PER CURIAM

Respondent Edward Fagan was admitted to the practice of law

in the State of New York by the Third Judicial Department on February 23, 1988, under the name Edward Davis Fagan. At all times relevant to this proceeding, he has maintained an office for the practice of law within the First Judicial Department.

The Departmental Disciplinary Committee now seeks an order pursuant to 22 NYCRR 603.4(d) and 605.15(e)(1) confirming the report of the Hearing Panel and disbarring the respondent from the practice of law in the State of New York. Respondent has filed a cross motion to compel the Committee to produce the record of the disciplinary proceedings, and a separate motion seeking, inter alia, to disqualify the Hearing Panel.

This disciplinary proceeding arises out of respondent's representation of the plaintiffs in a lawsuit filed in the United States District Court for the Southern District of New York entitled *Association of Holocaust Victims for Restitution of Artwork & Masterpieces, a/k/a "AHVRAM", et al v Bank Austria Creditanstalt AG, et al*, No. 04 Civ. 3600. Respondent filed that $6.8 billion action in 2004 against various corporations, governmental entities and financial institutions alleging theft, retention, and sale of artwork looted during the Holocaust.

On August 19, 2005, Judge Shirley Wohl Kram dismissed the amended complaint in the case on the basis that it failed to assert any basis for federal court jurisdiction and that it constituted "little more than an end run" around a separate action which ended in a comprehensive settlement against defendant Bank Austria (*Assoc. of Holocaust Victims for Restitution of Artwork & Masterpieces v Bank Austria Creditanstalt AG*, 2005 US Dist LEXIS 17411, *6 [SDNY 2005]). Judge Kram also noted that the plaintiff organization AHVRAM did not exist.

Judge Kram granted Bank Austria's motion to sanction respondent, finding that the lawsuit, being "entirely without color", was frivolous and in bad faith in violation of Rule 11. Judge Kram commented on, among other things, respondent's lack of preparation and professionalism, his "glaringly inadequate filings," and the fact that he deceived the court of "critical facts" concerning the previous class action settlement against Bank Austria in which he had substantially participated (2005 US Dist LEXIS 17411, *12). Judge Kram stated that the pleadings contained flagrant misrepresentations, that respondent falsely claimed that he was a member of the plaintiff organization AHVRAM, and that respondent attempted to circumvent the Bank Austria settlement. Judge Kram further noted that respondent, through AHVRAM, was prosecuting actions against at least six governments or entities, and stated that the findings were "bolstered by the fact that this case appears to be part of a pervasive and disturbing trend." (2005 US Dist LEXIS 17411, *18). Finally, Judge Kram stated that respondent engaged in champerty in violation of Judiciary Law § 488 and DR 5-103, based on her conclusion that respondent purchased interests in stolen artwork solely for the purpose of bringing lawsuits involving [*3]that artwork (2005 US Dist LEXIS 17411, *17). Judge Kram fined respondent $5,000 to be paid immediately to the court, and ordered him to pay his adversary's litigation costs and fees.

Respondent moved for reconsideration of and a stay of the court's rulings, which the court denied on November 17, 2005. The court further determined that respondent owed Bank Austria a total of $345,520.64 in litigation costs and expenses, and ordered him to immediately pay the $5,000 fine or post a bond. On December 1, 2005, judgment was entered against respondent and in favor of the defendant in the amount of $345,520.64. On January 13, 2006, the U.S. Court of Appeals issued a mandate dismissing respondent's appeal of Judge Kram's August 19, 2005 sanction order and deemed any pending motions moot.

In her November 17, 2005 decision denying reconsideration, Judge Kram commented further on respondent's "flagrant, repetitive, and blatant" conduct and "careless abdication of his duties as a lawyer" (2005 US Dist LEXIS 28880, *27). The court believed the only way to deter respondent from "bringing baseless suits in the future" was to hold him liable for the litigation fees and costs of his adversary.

On April 2, 2007, this Court granted the Disciplinary Committee's unopposed petition

giving collateral estoppel effect to the findings of Judge Kram and concluded that respondent engaged in conduct that violated DR 1-102(A)(4)(conduct involving dishonesty, fraud, misrepresentation or deceit), DR 1-102(A)(5)(conduct prejudicial to the administration of justice), DR 1-102(A)(7)(conduct that adversely reflects on fitness to practice), DR 5-103 (acquiring a proprietary interest in the subject of the litigation), DR 7-106(A)(conduct in disregard of rulings of the court), and DR 7-106(C)(7)(violating established rules of procedure).

A Hearing Panel held hearings on December 7 and 17, 2007, and January 9, 2008, to determine the appropriate sanction for respondent's misconduct. After several applications by respondent for adjournments and for recusal of Panel members were rejected, respondent appeared before the Panel pro se, testified on his own behalf and called one witness.

The Committee argued that respondent had produced no proof that he had paid the $5,000 sanction imposed by Judge Kram or any part of the attorney's fees and costs. The Committee also offered respondent's disciplinary history as evidence in aggravation: 1) in 2002, respondent received a public reprimand in New Jersey (the equivalent of a censure in New York) for making misrepresentations to a client regarding the status of her case; 2) in 1994, Judge Michael Mukasey of the United States District Court, Southern District of New York, sanctioned respondent, also under Rule 11, for filing frivolous counterclaims and fined him $500 plus the opposing party's attorney's fees and costs; 3) in February 2007, Judge Viktor Pohorelsky of the United States District Court, Eastern District of New York, sanctioned respondent under FRCP 45(c)(1) for improperly issuing an unduly burdensome subpoena to a non-party witness and ordered him to pay more than $14,000 in attorney's fees and costs; 4) in August 2007, Judge Shira Scheindlin of the United States District Court, Southern District of New York, disqualified respondent from representing the plaintiffs in an action in part because of his personal bankruptcy and his admission that his financial future was related to the outcome of the litigation, and found that he had made false representations to the court, obtained an order of confidentiality from the court under false pretenses, and fined him $5,000. In that case, In re Ski Train Fire in Kaprun Austria, 2007 U.S. Dist. LEXIS 60229, *11, *20 n39, Judge Scheindlin [*4]noted that respondent had testified during a May 2007 deposition that in addition to his personal bankruptcy, up until April 2007 he failed to file any tax returns from 2000 through 2006, and stated that she intended to refer the matter to the Southern District's Disciplinary Committee. Although respondent

objected and stated that at least two of the sanction rulings were on appeal, he failed to provide the Hearing Panel any evidence to corroborate these assertions or explain their status.

In testifying about his efforts to comply with the sanctions previously imposed upon him respondent conceded that he owed over $3,000 for administrative costs involving the 2002 New Jersey disciplinary proceeding; that in the AHVRAM matter he had paid only $250 towards the $5,000 fine and that he had not paid any of the $345,520 in attorney's fees. Respondent has not paid any of the sanctions and/or fees imposed by the federal courts in 1994 ($500), in February 2007 ($14,773) and in August 2007 ($5,000). While respondent has appealed Judge Scheindlin's August 2007 decision, he did not obtain a stay of his obligation to pay the sanction. In addition, the Committee proffered a letter written by respondent to Judge Scheindlin in December 2007 (while the hearings were taking place before the Hearing Panel), in support of her recusal, wherein he accuses her of, inter alia, bias and conducting ex parte communications with witnesses. Respondent testified before the Panel that he stood by those statements. The Committee also produced a Daily News article quoting respondent as having made similar statements publicly. At the conclusion of its case, the Committee suggested that respondent be disbarred.

Respondent's testimony in support of mitigation sought to minimize his behavior before Judge Kram by characterizing it as "procedural" violations of her orders for which he blamed his clients and for which the sanctions imposed by Judge Kram were sufficient punishment without need for further action by the Panel. He also stated that he failed to pay the sanction imposed by Judge Kram because he could not afford to, and that he had communicated with the court about his personal financial situation.

Respondent also testified that his behavior was due to a difficult divorce that he was going through during the period in which the AHVRAM matter was being litigated. He acknowledged that he had overburdened himself by taking on too many cases at one time, but explained that he was reluctant to withdraw from any of the matters because in the past when he had given up control of cases, those cases had been compromised. He admitted that in retrospect he should not have taken on the AHVRAM case. His sole witness was Kenneth Torres, a private investigator who worked for respondent on some Holocaust cases. He elicited testimony from Mr. Torres that sanctioning respondent would "impact the victims"

whom respondent represented because he did not think anyone could become familiar with the cases to the same extent as respondent.

At the close of his presentation respondent requested a short period of time to submit documents in support of his position, including an affidavit from one of his clients. The Panel granted his request, giving him until January 25, 2008, and set a briefing schedule. Respondent submitted one character letter and was given a one-week extension to submit supporting documents. When respondent asked for a second extension, because his computer had been stolen, the briefing schedule was readjusted. However, despite the extensions, respondent never submitted any new evidentiary materials in support of his position. Nor did he submit a brief on mitigation. Instead, on March 12, the latest deadline set, respondent wrote the Hearing Panel claiming that he was never properly served with [*5]the Committee's brief, and requested reconsideration of the Panel's rulings on his motion to disqualify two Panel members and his request to subpoena a witness. He also requested another filing extension to April 1. The Committee provided a copy of the fax confirmation sheet evidencing service of its brief on respondent. The Panel denied respondent's requests and the record was closed. Only at that point did respondent apply to this Court for vacatur of this Court's April 2007 collateral estoppel order and to enjoin the Hearing Panel from issuing its sanction report. This Court denied that motion on June 17, 2008.

On May 14, 2008, the Hearing Panel issued its report concluding that respondent's false submissions to the court and "knowing misrepresentations" were sufficiently serious when coupled with the other violations found by this Court, to warrant disbarment. The Panel found there to be significant aggravating factors including respondent's "pattern" of misconduct, his failure to pay sanctions imposed by Judge Kram, his lack of contrition and disruptive and dilatory conduct before the Panel. It found his "sparse" mitigation evidence "insufficient to overcome the seriousness of his violations and the overwhelming aggravating evidence." It noted that respondent's testimony that his clients would suffer if he were sanctioned because no one would take over his victims' rights cases was unpersuasive. The Panel noted in the report that out of the four cases he was working on at the time, he had been disqualified as counsel from one of them and in another, the AHVRAM matter, the action had been dismissed.

We find that the Hearing Panel's recommendation of the sanction of disbarment has

ample support in the record. Respondent's conduct before Judge Kram was dishonest and prejudicial to the administration of justice. Respondent knew that the plaintiff AHVRAM did not exist and that the relief he sought had already been obtained by settlement in another action. Disbarment is an appropriate sanction for attorneys who, like respondent, have made deliberate misrepresentations to a court (*see e.g. Matter of Friedman*, 196 AD2d 280 [1994], *appeal dismissed* 83 NY2d 888 [1994], *cert denied* 513 US 820 [1994]; *Matter of Truong*, 22 AD3d 62 [2005], *appeal dismissed* 6 NY3d 799 [2006]). Disbarment is similarly appropriate where an attorney has repeatedly violated court rulings and procedures and failed to pay a judgment (*see Matter of Heller*, 9 AD3d 221 [2004], *lv denied* 3 NY3d 607 [2004]; *Matter of Klapper*, 253 AD2d 72 [1999]; *Matter of Pollack*, 238 AD2d 1 [1997].

In light of the significant aggravating factors, including respondent's pattern of prior sanctions for unprofessional conduct (*see e.g. Matter of Gadye*, 283 AD2d 1 [2001]), his failure to pay sanctions and fees imposed, and lack of contrition or acknowledgment of wrongdoing (*see Matter of Robson*, 31 AD3d 163 [2006], *lv denied* 7 NY3d 830 [2006]), and the absence of little if any mitigation, respondent is unfit to practice law.

Accordingly, the Committee's petition should be granted, the Hearing Panel's determination as to sanction confirmed, respondent disbarred and his name is stricken from the roll of attorneys and counselors-at-law in the State of New York. Respondent's cross motions should be denied.
All concur.
Order filed.[December 11, 2008]
Mazzarelli, J.P., Andrias, Jr., McGuire, and Renwick, JJ. [*6]

Respondent disbarred and his name stricken from the roll of attorneys and counselors-at-law in the State of New York, effective the date hereof. Cross motions denied. Opinion Per Curiam. All concur.

[ Return to Decision List ]