UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

In the Matter of Keith M. Krasnove,
an Attorney and Counselor-at-Law.

                    Respondent.

----------------------------------------X

IN CLER ...
U.S. DISTRICT COURT ED. N.Y.

★ FEB 05 1999 ★

P.M.
TIME A.M.

MC-98-219 (CPS)

ORDER

        An order having been issued by this Court directing

respondent to appear at a hearing and show cause why respondent

should not be disciplined by this Court, and respondent having

failed to file an answer in response or appear at said hearing,

it is hereby

        ORDERED pursuant to Local General Rule 1.5 of the

Eastern District of New York that respondent be and hereby is

suspended from the practice of law before this Court until such

time as he is reinstated to the practice of law in the State of

New York, and until further order of this court.

        The Clerk is directed to close the case and to mail a

copy of the within to all parties.

        SO ORDERED.

Dated :   Brooklyn, New York
          January 27, 1999

                              _____
                              Charles P. Sifton, Chief Judge
                              and Chairman of the Committee on
                              Grievances, E.D.N.Y.







UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------x

In the Matter of

Keith Martin Krasnove
12769 NW 18th Manor
Coral Springs, FL 33071

      Respondent.

--------------------------------------------------x

M-2-238
ORDER



    Pursuant to Local Civil Rule 1.5(b)(2) of this Court, on September 9, 1998,

an Order to Show Cause was served on Respondent, Keith Martin Krasnove, directing

him to show cause by October 9, 1998 why he should not be disciplined by this Court

pursuant to Local Civil Rules 1.5(b)(2) and 1.5(c)(1).

    This Court has not received a submission from Respondent.  Therefore,

pursuant to Local Civil Rules 1.5(b)(2) and 1.5(c)(1) as adopted by the Board of Judges

of this Court and made effective April 15, 1997, it is hereby ordered and directed that

Respondent Keith Martin Krasnove be suspended from practice in this Court until such

time as he is reinstated to the practice of law in the State of New York.

    SO ORDERED.

_____
SHIRA A. SCHEINDLIN
Chair, Committee on Grievances S.D.N.Y.

Dated:   New York, New York
       October __, 1998

MAILED ON ___10/19/98___
CHAMBERS OF SHIRA A. SCHEINDLIN

MICROFILM
-9:00 AM
OCT 2 0 1998

# AMERICAN BAR ASSOCIATION

3/30/16

## NATIONAL LAWYER REGULATORY
## DATA BANK REPORT FORM

*Reporting Agent:  Please type or print
to complete and sign; attach court or
disciplinary board order and return to:*

**Ms. Maria D. Pedraza**
**Data Bank Administrative Assistant**
**Center for Professional Responsibility**
**American Bar Association**
**541 No Fairbanks Ct  M-S 14.3**
**Chicago IL  60611-3314**



(For Office Use Only)

MISC. 98  219

**NAME**  KRASNOVE, KEITH  MARTIN
(Last, Suffix)  (First)  (Middle)

**ADDRESS**  12769 NW 18th Manor
(Office)  (Number & Street)
Coral Springs, FL  33071
(City)  (State)  (Zip)

**FORMER ADDRESS**  2409 University Drive
(Number & Street)
Coral Springs, FL  33065
(City)  (State)  (Zip)

## JURISDICTIONS IN WHICH ADMITTED TO PRACTICE:

| JURISDICTION | ADMISSION DATE | REGISTRATION OR BAR NUMBER |
|---|---|---|
| Second | 02/6/74 | 2370393 |
| | | |
| | | |

**DATE OF BIRTH**  /9 /30/48/
mm/dd/yy

**INTERNATIONAL STANDARD LAWYER NUMBER (ISLN)**  Unknown

**OTHER NAMES(S)**  Unknown

**MOTHER'S BIRTH NAME**  Unknown

**SOCIAL SECURITY #**  Unknown  -  -  **GENDER  F ____  M** xxxxxx

Supreme Court, Appellate Division, 2nd Dept., 45 Monroe Place

**JURISDICTION IMPOSING REGULATORY ACTION**  Brooklyn, NY  11201

**ORDER DATE**  AUG 17 1998  **EFFECTIVE DATE**  SEP 17 1998
mm/dd/yy  mm/dd/yy

**ORDER OR**
**DOCKET NUMBER(S)**  97 · 08090

CLERK
Supreme Court State of New York
Appellate Division Second Dept
Authorized Reporting Agent Name/ Signature

**Reporting Agent:   Please refer to Instruction Sheet.**

**DISBARMENT**

_____ D105 DISBARMENT
_____ D110 DISBARMENT ON CONSENT

_____ D115 PERMANENT DISBARMENT
_____ D120 RECIPROCAL DISBARMENT

**RESIGNATION**

_____ D210 CHARGES PENDING
_____ D215 PERMANENT RESIGNATION

_____ D250 RECIPROCAL RESIGNATION

**TRANSFER RE INACTIVE STATUS**

_____ D310 TO DISABILITY INACTIVE STATUS
        /NO CHARGES PENDING
_____ D320 TRANSFER/CHARGES PENDING

_____ D350 FROM INACTIVE STATUS
_____ D360 RECIPROCAL TRANSFER

**SUSPENSION**

XXX D405 DEFINITE SUSPENSION
_____ D410 INDEFINITE SUSPENSION
_____ D415 INTERIM/IMMEDIATE SUSPENSION
_____ D420 SUSPENSION ON CONSENT
_____ D435 RECIPROCAL SUSPENSION

/  /  /
/  /  /
/  /  /
yy/mm/ddd

**PROBATION**

_____ D525 PROBATION
_____ D526 RECIPROCAL PROBATION
_____ D527 EXTENSION OF PROBATION
_____ D528 PROBATION ON CONSENT
_____ D529 REVOCATION OF PROBATION: SUSPENSION
_____ D524 TERMINATION OF PROBATION

/  /  /
/  /  /
/  /  /
/  /  /
/  /  /
yy/mm/ddd

**REPRIMAND/CENSURE**

_____ D530 PUBLIC REPRIMAND/PUBLIC CENSURE
_____ D531 RECIPROCAL REPRIMAND/CENSURE

_____ D532 CONSENT REPRIMAND/CENSURE

**OTHER DISPOSITIONS**

_____ D505 RESTITUTION
_____ D510 COSTS
_____ D515 FINES
_____ D520 LIMITATIONS ON PRACTICE

$ _____
$ _____
$ _____

_____ D535 PROFESSIONAL RESPONSIBILITY EXAM
_____ D536 BAR EXAM
_____ D540 OTHER CONDITIONS/DISPOSITIONS

_____ D545 PRO BONO
_____ D548 LAW PRACTICE MANAGEMENT PROGRAM
_____ D550 COMMUNITY SERVICE
_____ D555 CONTINUING LEGAL EDUCATION

HRS: _____
HRS: _____
HRS: _____
HRS: _____

_____ D558 ETHICS SCHOOL
_____ D562 MONITOR TRUST ACCOUNTS
_____ D565 REHABILITATION PROGRAM
_____ D570 ALCOHOL/SUBSTANCE
        ABUSE MONITORING

_____ D573 LAWYERS ASSISTANCE PROGRAM
_____ D575 CONTEMPT
_____ D580 ORDER STAYED
_____ D585 ORDER VACATED
_____ D590 ORDER MODIFIED

**REINSTATEMENT/READMISSION**

_____ D605 REINSTATE/READMIT BY
        COURT ORDER
_____ D610 AUTOMATIC REINSTATEMENT

_____ D615 REINSTATEMENT DENIED
_____ D700 RESPONDENT DECEASED

REVISED 02/98
Supreme Court State of New York
Attorney Grievance Service Desk

SUPREME COURT OF THE STATE OF NEW YORK
APPELLATE DIVISION : SECOND JUDICIAL DEPARTMENT

3457D
Y/mv

_____ AD2d _____

GUY JAMES MANGANO, P.J.
LAWRENCE J. BRACKEN
ALBERT M. ROSENBLATT
SONDRA MILLER
CORNELIUS J. O'BRIEN, JJ.

97-08090

In the Matter of Keith M. Krasnove,
an attorney and counselor-at-law.

Grievance Committee for the Second and
Eleventh Judicial Districts, petitioner;
Keith M. Krasnove, respondent.

OPINION & ORDER

MISC. 98  219

MOTION by the petitioner pursuant to 22 NYCRR 691.3 to impose discipline on the respondent based upon disciplinary action taken against him by the Supreme Court of Florida. The respondent was admitted to the Bar in the State of New York on February 6, 1974, at a term of the Appellate Division of the Supreme Court in the Second Judicial Department, under the name Keith Martin Krasnove.

> Robert H. Straus, Brooklyn, N.Y. (Susan Korenberg of counsel), for petitioner.

> Keith M. Krasnove, Coral Springs, Florida, respondent *pro se*.

PER CURIAM.                          By order of the Supreme Court of Florida, dated July 17, 1997, the respondent was suspended from the practice of law in that State for one year.

On August 27, 1997, the Grievance Committee served the respondent with a notice pursuant to 22 NYCRR 691.3(d), informing him of his right to offer certain defenses to the imposition of discipline by the State of New York. In his verified statement, dated September 26, 1997, the respondent asserted that the imposition of extended discipline by this court would be unjust and requested a hearing. By order of this court dated December 5, 1997,

August 17, 1998                                          Page 1.
MATTER OF KRASNOVE, KEITH M.

the Grievance Committee's motion was held in abeyance, pending a hearing pursuant to 22 NYCRR 691.3(d), and the Honorable Francis X. Egitto was appointed as Special Referee to hear and report. A hearing was conducted on March 3, 1998.

The Special Referee found no reason why the imposition of discipline by this court would be unjust. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline in New York as the court deems appropriate. The respondent also moves to confirm the Special Referee's report and to suspend him for one year, nunc pro tunc to August 17, 1997, the effective date of his Florida suspension.

Based on the evidence adduced, including the decision of the Florida Supreme Court, the report of the Florida Referee, the respondent's testimony, and the exhibits introduced, we conclude that the Special Referee's determination was proper.

Under the circumstances of this case, the respondent is suspended from the practice of law in New York for two years, effective September 17, 1998.

MANGANO, P.J., BRACKEN, ROSENBLATT, MILLER and O'BRIEN, JJ., concur.

ORDERED that the motions by the petitioner and the respondent's motion are granted; and it is further,

ORDERED that pursuant to 22 NYCRR 691.3, the respondent, Keith M. Krasnove, is suspended from the practice of law in New York for a period of two years, effective September 17, 1998, and continuing until further order of this court; and it is further,

ORDERED that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

ORDERED that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this court, the respondent, Keith M. Krasnove, is commanded to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.

**SUPREME COURT, STATE OF NEW YORK**
**APPELLATE DIVISION SECOND DEPT**

I, MARTIN H. BROWNSTEIN, Clerk of the Appellate Division of the Supreme Court, Second Judicial Department, do hereby certify that I have compared this copy with the original filed in my office on AUG 17 1998 and that this copy is a correct transcription of said original.

IN WITNESS WHEREOF I have hereunto set my hand and affixed the seal of this Court on AUG 17 1998

ENTER:

# MARTIN H. BROWNSTEIN

Martin H. Brownstein
Clerk

August 17, 1998

Page 2.

MATTER OF KRASNOVE, KEITH M.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------X

                                          MC-98-219 (CPS)

In the Matter of Keith Martin Krasnove,
an Attorney and Counselor-at-Law.         ORDER

                          Respondent.

-----------------------------------------X

          It having come to the attention of the Court that
respondent has been disciplined by the Appellate Division of the
Supreme Court of the State of New York, and by the Grievance
Committee of the Southern District of New York, the respondent is
directed pursuant to Rule 1.5 of the General Rules of the Court
to show cause before the undersigned in Courtroom No. 2, United
States Courthouse, 225 Cadman Plaza East, Brooklyn, New York, at
4:30 p.m., on January 27, 1999 why respondent should not be
disciplined by this Court in accordance with the provisions of
Rules 1.5(c) and 1.5(d) of such Rules; and it is further

          ORDERED that the Clerk of the Court shall serve a copy
of the within order upon respondent by first class mail, and it
is further

          ORDERED that respondent shall serve and file responsive
papers, if any, no later than 10 days prior to the return date of
the order.

          SO ORDERED.

Dated :   Brooklyn, New York
          November 19, 1998

                                   _____
                                   Charles P. Sifton, Chief Judge
                                   and Chairman of the Committee on
                                   Grievances, E.D.N.Y.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

BEFORE: **SIFTON, C.J.**          DATE: ~~JAN 25 1999~~ JAN 27 1999          TIME: 4:30

DOCKET #: MC- 98-219

TITLE:  In the Matter of  *Keith Martin Krasnove*  , an Attorney and Counselor at Law.

DEPUTY CLERK: <u>Stanley Kessler</u>

COURT REPORTER/ESR: _____. *Sheldon Silverman*_____

APPEARANCES:

       For Respondent: _____

## ATTORNEY DISCIPLINARY PROCEEDING

✔ Case called for order to show cause.

✔ No appearances.

___ No appearance for the respondent.

___ Respondent present <u>pro se</u>.    ___ Respondent present with counsel.

___ Counsel for respondent present.

___ Status conference held.  Status conf. set for/cont'd to _____ at 4:30 p.m.

___ _____

___ _____

___ _____

___ _____

___ _____

___ For the reasons stated on the record, the respondent is suspended from the practice of law before this court for a period of _____, commencing on _____, pending consideration of the charges against him in a disciplinary proceeding by the New York State Bar, until such time as he is reinstated to practice law in the State of New York, and until further order of this court.

___ For the reasons stated on the record, the respondent is disbarred from the practice of law before this court and his name is ordered stricken from the roll of attorneys of this court.

___ For the reasons stated on the record, the respondent is censured.

___ The matter is referred to the Committee on Grievances.

___ Decision is reserved on the order to show cause.

___ The matter is continued to _____

